# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50261 | **DATE** | 2/24/2011 |
| **CASE TITLE** | James R. Henson (#890932) vs. Wienke, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [4] is granted. The court assesses an initial partial filing fee of $13.00. The court authorizes and directs the trust fund officer at Plaintiff's place of confinement to deduct the initial filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Chester Mental Health Center. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state a claim on which relief may be granted. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel [3] is denied as moot.

*/s/ Philip G. Reinhard*

■[ For further details see text below.]

**Docketing to mail notices.**

### STATEMENT - OPINION

Plaintiff, James R. Henson, currently detained at Chester Mental Health Center, has filed a civil rights complaint under 42 U.S.C. § 1983.

Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee. The court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $13.00. The court authorizes the supervisor of inmate trust accounts at plaintiff's place of confinement to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement, currently Chester Mental Health Center, is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and the trust account officers shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that plaintiff is transferred to another facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint.

Plaintiff alleges that June 7, 2010, while he was housed at the McHenry County Jail, Nurse Peppy refused to give him his anti-seizure and anti-anxiety medications, subjecting him to a risk of injury, causing him chest pain and mental grief.

Plaintiff's complaint fails to state a claim upon which relief can be granted. Defendants are nurse Peppy and two jail supervisors.

It is not clear whether Plaintiff was a pretrial detainee or prisoner in June of 2010. While pretrial detainees have a right to adequate medical treatment under the Fourteenth Amendment, *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007), and prisoners have a right to adequate medical treatment under Eighth Amendment, *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976), claims of deliberate indifference to a serious medical need of a pretrial detainee

| STATEMENT - OPINION |
|---|

under the Fourteenth Amendment uses the same standard for deliberate indifference to a serious medical need under the Eighth Amendment, thus the analysis is the same. *See Williams*, 509 F.3d at 401.

A claim of deliberate indifference includes both an objective and subjective element. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). As to medical care, "the objective element requires that the inmate's medical need be sufficiently serious." *Guiterrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

The subjective element requires that the prison official act with sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). The negligent or inadvertent failure to provide adequate medical care is not sufficient because such a failure is not an "unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 106. Furthermore, medical negligence is insufficient to demonstrate deliberate indifference. *See Foelker*, 394 F.3d at 513.

Assuming that Plaintiff's need for his medications was for a serious medical need, Plaintiff would still have to demonstrate that the Defendants were deliberately indifferent to that serious medical need. However, the one-time denial of his medication does not rise to the level of deliberate indifference. *See Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000) (isolated incidents of delay do not rise to the level of deliberate indifference); *Gutierrez v. Peters*, 111 F.3d 1364, 1374-75 (7th Cir. 1997) (same). Further, Plaintiff cannot recover based on a claim of mental or emotional injury without a showing of physical injury. *See Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008) (citing 42 U.S.C. § 1997e(e)).

For the foregoing reasons, this suit is dismissed for failure to state a claim on which relief may be granted.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."[1]

---

1. Plaintiff has filed 5 separate cases against various prison officials between May 2010 and October 2010.